UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE DICANDIDO,
    *Plaintiff*,

v.

MATTHEW MAZZER AND ENTERPRISE
FM TRUST,
    *Defendants*.

No. 3:20-cv-364 (VAB)

**RULING AND ORDER ON JOINT STIPULATION TO REMAND**

Michelle DiCandido ("Plaintiff") has sued Matthew Mazzer and Enterprise FM Trust (collectively, "Defendants") in Connecticut Superior Court, Judicial District of Litchfield at Torrington, after an alleged car crash. Compl., ECF No. 1-1 at 5–8 (Feb. 7, 2020).

Ms. DiCandido alleges that Defendants, as a result of their negligence, violated Conn. Gen. Stat. §§ 14-299 and 14-218a. Defendants removed the case to this Court based on diversity jurisdiction. Notice of Removal, ECF No. 1 (Mar. 17, 2020).

The parties have now filed a joint stipulation for remand to state court for lack of subject matter jurisdiction based on Plaintiff's stipulation that any recovery would not exceed $75,000. Joint Stipulation for Remand, ECF No. 12 (Apr. 3, 2020).

For the following reasons, the motion is **GRANTED.**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.  Factual Allegations**

On March 9, 2019, at approximately 12:05 p.m., Ms. DiCandido allegedly drove east on Elm Street, a public highway in New Milford, Connecticut. Compl. ¶ 1. As she drove through an intersection with East Street, Elm Street Extension, and Poplar Street, Mr. Mazzer allegedly

drove through a red light into the intersection and allegedly "collid[ed] violently" with the car Ms. DiCandido was driving. *Id.* ¶ 2–3.

Mr. Mazzer allegedly operated "the vehicle with the consent and permission of its owner, the defendant Enterprise FM Trust." *Id.* ¶ 4.

Ms. DiCandido allegedly had been "thrown about inside the motor vehicle causing her to sustain severe injuries including, but not limited to: (a) cervical sprain/strain[,] (b) thoracic sprain and strain[,] (c) myofascial pain syndrome[, and] (d) right knee contusions and sprain." *Id.* ¶ 6. She also allegedly has incurred "physical and mental pain and suffering," the effects of which are allegedly likely to be permanent. *Id.* ¶ 7. She is allegedly greatly restricted in her usual life activities, and she allegedly has incurred and will incur medical expenses as a result. *Id.* ¶ 9–10.

Ms. DiCandido seeks unspecified monetary damages. Compl., ECF No. 1-1 at 8.

### B. Procedural Background

On February 7, 2020, Ms. DiCandido filed a Complaint against Defendants in Connecticut Superior Court, Judicial District of Litchfield at Torrington. Compl., ECF No. 1-1 at 5–8. She attached a statement of the amount in demand, stating: "The amount, legal interest or property in demand is not less than $15,000.00, exclusive of interest and costs." *Id.* at 9.

On March 17, 2020, Defendants removed the case to this Court, invoking the Court's subject matter jurisdiction under 12 U.S.C. § 1332 based on complete diversity between Plaintiff and all Defendants. Notice of Removal.

On April 3, 2020, the parties filed a joint stipulation for remand to state court based on "Plaintiff's stipulation that under no circumstances shall her recovery exceed $75,000 for any

claimed damages, costs, fees or interest allegedly incurred as a result of the March 6, 2019 incident described in the Complaint." Joint Stipulation for Remand.

## II. STANDARD OF REVIEW

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A defendant has the burden of demonstrating that removal of a case to federal court is proper. *Cal. Pub. Emp'rs' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). "The party asserting federal jurisdiction must demonstrate federal subject matter jurisdiction by competent proof." *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## III. DISCUSSION

Typically, the amount in controversy is established by the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002). Only where "the pleadings are inconclusive," may a court "look to

documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

"Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Fallstrom v. L.K. Comstock & Co.*, No. 3:99-cv-952 (AHN), 1999 WL 608835, at *1 (D. Conn. July 13, 1999) (quoting *Leslie v. Banctec Serv. Inc.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) (citing *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294 (1973)). "Only where it 'appear[s] to a legal certainty that the claim is really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

A plaintiff may stipulate that she will not seek more than $75,000 in damages, but the stipulation can "do[] no more than evidentially *clarify* an amount in controversy that is otherwise ambiguous." *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014) (emphasis in the original) (citing *Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159 (D. Conn. 2004) ("a stipulation serves to clarify rather than amend the plaintiff's complaint")). "This approach does not run afoul of the rule that a plaintiff may not *reduce* a monetary demand to defeat federal diversity jurisdiction that otherwise properly existed." *Id.* (emphasis in the original) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 292–93); *see also Yong Qin Luo*, 625 F.3d at 776 ("[A] plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied."). A plaintiff therefore may stipulate to a monetary demand below $75,000, where that stipulation does not contradict her complaint but rather clarifies ambiguity in that complaint.

Ms. DiCandido's Complaint, consistent with state requirements, is ambiguous as to the amount of damages she seeks. *See* Conn. Gen. Stat. § 52-91; *Southington '84 Assocs. v. Silver*

*Dollar Stores, Inc.*, 237 Conn. 758, 765 (1996) (clarifying that under Conn. Gen. Stat. § 52-91, plaintiffs are not required to allege the exact amount being sought; "a plaintiff need only state which of the three categories applies to the case: less than $2500; $2500 or more, but less than $15,000; or $15,000 or more."). In the absence of more details as to her alleged damages, aside from allegedly seeking more than $15,000, the parties' joint stipulation is a permissible basis for the Court to remand.

As the Supreme Court has noted in dicta, "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).

Accordingly, the Court will remand this case, based on the parties' joint stipulation that Plaintiff will seek no more than $75,000.

## IV.    CONCLUSION

For the reasons explained above, the Court accepts the parties' joint stipulation for remand to state court.

The Clerk of the Court is respectfully directed to remand this case to Connecticut Superior Court, Judicial District of Litchfield at Torrington.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of April, 2020.

                                                   /s/ Victor A. Bolden
                                                   Victor A. Bolden
                                                   United States District Judge